IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Miguel-Miguel, ) | No. CV-07-1815-PHX-JWS (LOA) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Katrina Kane, et al., ) | |
| Respondents. ) | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (docket # 1) Petitioner claims that his detention pending removal is indefinite and violates his substantive and procedural due process rights under the Fifth Amendment. He further argues that he should be released on bail pending the Ninth Circuit Court of Appeals' resolution of his pending petition for review. On October 26, 2007, Respondents filed a Motion to Dismiss asserting that this matter is moot because Petitioner was released from custody. (docket # 12) The Court ordered Petitioner to file a Response on or before November 16, 2007. Petitioner filed a timely response advising the Court that he has been released from custody and does not oppose dismissal "without prejudice." (docket # 16)

### **Analysis**

In his § 2241 Petition, Petitioner argues that he is entitled to immediate release from custody or a hearing before an Immigration Judge because his prolonged and indefinite detention during removal proceedings violates the Due Process clause.

After Petitioner filed his Petition, on October 25, 2007, he was released from

custody.  (dockets # 13, # 16)  Because Petitioner has been released from custody he has been awarded the relief he was seeking in his § 2241 petition.

The jurisdiction of the federal courts depends on the existence of a "case or controversy."  *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  Specifically, "Article III of the Constitution mandates that an actual case or controversy exist at all stages of judicial review."  *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988)(holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.)  This Court lacks jurisdiction to review moot issues.  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005)(stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies.").

Here, Petitioner challenges his prolonged and indefinite detention pending removal proceedings.  In view of Petitioner's release from custody, the relief he requests — release from custody or a hearing before an Immigration Judge — can no longer be effected.  Therefore, no "case or controversy" remains and the Petition is moot.  *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991)(finding that because petitioner only requested  release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997)(stating that "[a] claim is moot if it has lost its character as a present, live controversy.")(citation omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal., May 24, 2001).  In cases in which the actions sought to be enjoined or ordered have already occurred, and the courts "cannot undo what has already been done, the action is moot."  *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).

Accordingly,

IT IS HEREBY RECOMMENDED that Respondents' Motion to Dismiss (docket # 12) be **GRANTED**.

IT IS FURTHER RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of November, 2007.

Lawrence O. Anderson
United States Magistrate Judge